UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALLISSA N. SAXTON, | ) | CASE NO. 1:24-cv-1571 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE JAMES E. |
| | ) | GRIMES, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | **OPINION AND ORDER ADOPTING** |
| | ) | **MAGISTRATE'S REPORT AND** |
| Defendant. | ) | **RECOMMENDATION** |

Before the Court is Magistrate Judge James E. Grimes, Jr.'s Report and Recommendation ("R&R") recommending that the Court should affirm the final decision of the Commissioner. (ECF No. 15). Plaintiff Allissa N. Saxton filed timely objections, (ECF No. 16), and Defendant Commissioner of Social Security responded, (ECF No. 17). Upon consideration of Plaintiff's objections, and a *de novo* review of the portions of the record to which Plaintiff has properly objected, the Court **ADOPTS** the R&R in its entirety and **AFFIRMS** the final decision of the Commissioner.

I.     **BACKGROUND**

The Court adopts and incorporates the detailed recitation of the factual and procedural background contained in the R&R, to which Saxton raised no objections. (ECF No. 15, PageID #583–602). The Court will only briefly summarize the relevant background.

In April 2022, Saxton filed an application for Disability Insurance Benefits ("DIB"), alleging a disability onset date of January 9, 2020. (ECF No. 8, PageID #210–13). The Social Security Administration denied Saxton's application at the initial level, (*id.* at PageID #113–21), and upon reconsideration, (*id.* at PageID #122–30). At the initial level, the state agency consultant, psychologist Karla Delcour, Ph.D., opined that: Saxton had: (i) no limitations in understanding,

1

remembering, or applying information; (ii) a mild limitation in concentrating, persisting, or maintaining pace; and (iii) moderate limitations in interacting with others and adapting or managing oneself. (*Id.* at PageID #116). With respect to Saxton's mental residual functional capacity, she opined that Saxton: (i) "can interact occasionally in situations that do not require persuasion or frequent contact with the general public"; and (ii) is "[c]apable of working in an environment with infrequent changes." (*Id.* at PageID #118–19). At the reconsideration level, the state agency consultant, psychologist David Dietz, Ph.D., agreed with Dr. Delcour's findings, save for adding that Saxton was able work in an environment with infrequent changes "in day to day duties." (*Id.* at PageID #127–28).

Saxton requested a hearing before an Administrative Law Judge ("ALJ"); ALJ Stacy Appleton held a hearing on July 26, 2023. (*Id.* at PageID #88–112, 146). On August 31, 2023, the ALJ issued an unfavorable decision, finding that Saxton was not disabled, as defined in the Social Security Act, from the alleged onset date through September 30, 2021, the date last insured. (*Id.* at PageID #75–83). In doing so, the ALJ determined at Step Four that Saxton had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations:

> [Saxton] can carry out simple instructions. She cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. Additionally, [Saxton] can have occasional interaction with the public, co-workers, and supervisors. Moreover, [Saxton] can deal with occasional changes in a routine work setting.

(*Id.* at PageID #79). Of relevance here, the ALJ determined the findings of the state agency consultants were supported by the record and adopted additional limitations "in consideration of reports of focus and issues in the record." (*Id.* at PageID #81). The ALJ also found some of their psychological findings unpersuasive because, although they were supported by the medical record,

2

they were also inconsistent with Saxton's longitudinal mental health record. (*Id.*). On July 22, 2024, the Appeals Council declined to review the ALJ's decision. (*Id.* at PageID #58–61). On September 13, 2024, Saxton filed this action to obtain judicial review. (ECF Doc. 1).

On April 15, 2025, Magistrate Judge James E. Grimes, Jr. issued his R&R recommending that the Court should affirm the final decision of the Commissioner. (ECF No. 15). Saxton timely filed an objection to the R&R, (ECF No. 16), and the Commissioner filed a response, (ECF No. 17).

## II. LEGAL STANDARD

### A. Objections to the R&R

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the report and recommendation to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a report and recommendation without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985). Pursuant to Fed. R. Civ. Proc. 72(b)(3), a district judge:

> [M]ust determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. Proc. 72(b)(3). An objection must address specific issues within the magistrate judge's report and recommendation. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That means that a petitioner must direct "the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position." *Ayers v. Bradshaw*, No. 3:07-cv-2663, 2008 U.S. Dist. LEXIS 27218, 2008 WL 906100, at *2 (N.D. Ohio, Mar. 31, 2008) (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)); *see also Bulls v. Potter*, No. 5:16-

3

cv-2095, 2020 U.S. Dist. LEXIS 30163, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (providing that objections "must be specific in order to trigger the de novo review").

General objections are insufficient to meet the specificity requirement; objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) (internal quotation marks omitted); *see also Howard*, 932 F.2d at 509 (providing that a general objection to a magistrate judge's report and recommendation "has the same effects as would a failure to object"). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

B.   Review of ALJ's Decision

According to 42 U.S.C. 405(g), courts reviewing the Commissioner's final decision determine whether it is supported by substantial evidence and whether proper legal standards were applied: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." As the Commissioner explains in his brief, "substantial evidence" is not a high threshold. *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019). "It means— and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

The reviewing court is limited to evaluating whether the ALJ's explanations "are reasonable and supported by substantial evidence in the record; the court "accord[s] the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court does] not, of observing a witness's demeanor while testifying." *Id.* at 476. The ALJ thus enjoys a "zone of choice" to decide between the parties' competing positions "without the fear of appellate court interference." *Arnett v. Comm'r of Soc. Sec.*, 76 F. App'x 713, 716 (6th Cir. 2003) (citing *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986)).

### III. DISCUSSION

#### A. Objection #1 – Failure to Build an Accurate and Logical Bridge

In her first objection, Saxton argues that the Magistrate Judge erred in his determination that the ALJ built an accurate and logical bridge between evidence and the RFC finding. (ECF No. 16, PageID #620–24). The Court notes that Saxton's objection does not state what specific error the Magistrate Judge may have committed. Instead, Saxton argues that the ALJ erred when she: (i) inadequately explained how record evidence supported the RFC findings; and (ii) relied on an insufficient record because there was no medical opinion in the record. (*Id.*).

The first issue with this objection is that Saxton misconstrues the Magistrate Judge's analysis. The objection states: "As indicated by Judge Grimes, the ALJ did not rely upon the State agency consultants for the RFC finding." (*Id.* at PageID #621). But the Magistrate Judge's R&R indicates the opposite—that the RFC *was* based on the stage agency consultants' opinions. The R&R specifically states:

> But it is not post-hoc rationalizing to point out that the ALJ's RFC was based on the state agency reviewers' opinions—the only opinion evidence in the record. *See* [(ECF No. 8, PageID #81)] (ALJ explaining that although the state agency reviewers' "psychological findings are not persuasive" because the record showed that Saxton was more limited, the ALJ "adopts the functional terms" of the state agency opinions).

5

(ECF No. 15, PageID #608–09). The R&R further indicates that the ALJ relied on the stage agency consultants for her RFC finding, stating, "So even if one were to find that the ALJ's RFC was not 'based on' the state agency reviewers' opinions, Saxton has not shown that such a situation would amount to error." (*Id.* at PageID #609).

The Court agrees with the Magistrate Judge's assessment that the RFC relies on the opinions of the state agency consultants. The ALJ determined that the findings of the state agency consultants were supported by the record and stated that she "added additional limitations in consideration of reports of focus and issues in the record." (ECF No. 8, PageID #81). She then stated that she adopts the functional terms provided by the state agency consultants. (*Id.*). Although the ALJ later stated that the "opinions are not persuasive," the Court finds that the ALJ did not reject the opinions of the state agency consultants outright. The ALJ may have used imprecise language, but considering previous statements in the decision (that the opinions were supported by the record and the ALJ merely added additional limitations), and how the RFC essentially adopts the same environmental limitations,[1] it is evident that the RFC is partially premised and relies on the opinions of the state agency consultants.[2]

Although the Court could overrule the objection on this basis alone, the Court could also overrule the objection because Saxton fails to challenge the Magistrate Judge's alternative finding. The Magistrate Judge characterized Saxton's argument as amounting "to a complaint that the ALJ erred when finding Saxton to be *more limited* than the state agency reviewers opined." (ECF

---

[1] The state agency consultants opined that Saxton was: "Capable of working in an environment with infrequent changes" and "Capable of working in an environment with infrequent changes in day to day duties." (ECF No. 8, PageID #119, 127). The ALJ found that Saxton "can deal with occasional changes in work setting." (*Id.* at PageID #79).

[2] The state agency consultants essentially opined that Saxton was limited to occasional interaction with the public, (ECF No. 8, PageID #118, 127), while the ALJ added limitations to occasional interaction with co-workers and supervisors, (*id.* at PageID #79).

6

No. 15, PageID #607–08 (emphases in original)). The Magistrate Judge then found that any such error would be a harmless error because it would benefit Saxton. (ECF No. 15, PageID #608). Because Saxton did not object to this conclusion in the R&R, she has forfeited *de novo* review of this separate basis for affirming the ALJ's decision. The Court need only review the harmless error determination for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record.").

Having conducted such a review, the Court finds no clear error with the R&R's harmless error determination. *See Ferris v. Comm'r of Soc. Sec.*, No. 5:16-cv-2459, 2017 U.S. Dist. LEXIS 186055, at *31 n.4 (N.D. Ohio Nov. 8, 2017) ("Because [the ALJ's] RFC determination was more restrictive than the opinions expressed by non-examining state agency physicians, the ALJ's departure from their opinions was, at most, harmless error."); *see also Laney v. Comm'r of Soc. Sec.*, No. 5:21-cv-1290, 2022 U.S. Dist. LEXIS 107921, at *20–21 (N.D. Ohio June 16, 2022) ("The Court will not fault the ALJ for finding more restrictions than the state agency reviewers opined."); *Pistole v. Kijakazi*, No. 3:20-cv-249, 2021 U.S. Dist. LEXIS 217809, 2021 WL 5238777, at *7 (E.D. Tenn. Nov. 10, 2021) (finding "harmless error at most" when the ALJ

7

discounted medical opinion evidence but determined an RFC that was more restrictive than the limitations opined in the medical opinion); *Berrier v. Comm'r of Soc. Sec.*, No. 3:20-cv-1655, 2021 U.S. Dist. LEXIS 251442, at *27–28 (N.D. Ohio Sep. 10, 2021) (same). Accordingly, Objection #1 is **OVERRULED**. As discussed above, the Court has adopted the Magistrate Judge's determination that the ALJ's RFC was based, in part, on the opinions of the state agency consultants. Thus, the portion of this objection relating to *Deskin*[3] also fails because it is premised entirely on the theory that there was no medical opinion relied upon to create the RFC.[4] (*See* ECF No. 16, PageID #621–24).

  **B.**  **Objection #2 – Compliance with SSR 16-3p**

In her second objection, Saxton argues that the Magistrate Judge did "not reasonably address Plaintiff's argument that the ALJ cherry-picked the record to find Plaintiff's mental impairments less severe than alleged and that the ALJ failed to discuss the favorable evidence elsewhere in the decision." (ECF No. 16, PageID #624). Saxton generally argues that the ALJ's decision does not comply with the requirements under SSR 16-3p because the ALJ failed to consider *all* the evidence in the record. (*Id.* at PageID #624–27). Saxton concedes that the ALJ did not need to discuss every piece of evidence; she argues that remand is necessary, though, because the ALJ ignored evidence in the record supporting a stricter RFC and the summarization of evidence in the ALJ's decision reflects that there is no such support. (*Id.* at PageID #625–27).

---

[3] *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008).
[4] The Court would also overrule this objection on the merits. As stated by the Magistrate Judge, *Deskin* is not only a non-binding decision, but it has also been subject to criticism by other courts in the Northern District of Ohio. (*See* ECF No. 15, PageID #610–11). Moreover, the *Deskin* court later clarified its decision and stated that *Deskin* applies in only two circumstances—when an ALJ made an RFC determination based on: (i) no medical opinion; or (ii) an "outdated" medical source opinion "that does not include consideration of a critical body of objective medical evidence." *See Kizys v. Comm'r of Soc. Sec.*, No. 3:10-cv-25, 2011 U.S. Dist. LEXIS 122296, at *3–4 (N.D. Ohio Oct. 21, 2011). Neither circumstance is presented in this case.

8

Saxton initially takes issue with the Magistrate Judge's criticism of Saxton string-citing over 150 pages in the record and then states that the Magistrate Judge "fails to cite legal authority permitting an ALJ from considering all evidence." (ECF No. 16, PageID #624). Saxton again misconstrues the Magistrate Judge's analysis. While the Magistrate Judge highlights issues with the various string-cites throughout Saxton's brief, that is only two paragraphs of his analysis as to why the ALJ did not err in evaluating Saxton's allegations of symptoms. (ECF No. 15, PageID #614). More importantly, the Magistrate Judge never states or implies that an ALJ does not have to consider all evidence. The Magistrate Judge cites the standard under SSR 16-3p and explains that the ALJ must consider all relevant evidence in the record. (*Id.* at PageID #612). He then specifically addresses Saxton's argument that the ALJ did not consider all the evidence:

> Saxton points out that Social Security Ruling 16-3p provides that the ALJ must "consider all of the evidence." Doc. 10, at 19; Doc. 14, at 2. But a duty to "consider" the evidence is different than a duty to "discuss" the evidence. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party") (quoting Loral Defense Systems–Akron v. N.L.R.B., 200 F.3d 436, 453 (6th Cir. 1999)). Saxton has not shown that the ALJ failed to consider all of the evidence. The ALJ stated that she considered the entire record. Tr. 20, 22. Absent evidence to the contrary, the Court will presume that this statement is true. *See NLRB v. Newark Elec. Corp.*, 14 F.4th 152, 163 (2d Cir. 2021); *see also United States v. Chemical Found., Inc.*, 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."); *cf. Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988) (noting that the Appeals Council "state[d] that it 'considered the entire record which was before the administrative law judge, including the testimony at the hearing' "). And Saxton's recitation of "medical evidence does not show that the ALJ's decision is not supported by substantial evidence." *See Garcia v. Comm'r of Soc. Sec.*, No. 1:22-cv-1044, 2023 WL 2333520, at *7 (N.D. Ohio Jan. 27, 2023), *report and recommendation adopted*, 2023 WL 2330893 (N.D. Ohio Mar. 2, 2023); *see also Jones*, 336 F.3d at 475 ("we must defer to an agency's decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ.'").

(ECF No. 15, PageID #616–17).

9

The Magistrate Judge distinguishes the difference between the discussion of and the consideration of evidence and concludes that Saxton has not demonstrated that the ALJ failed to consider all the evidence. He then provides further analysis as to why the ALJ's decision to discount Saxton's allegations regarding her symptoms was supported by substantial evidence and was otherwise not in error. (*Id.* at PageID #617–19). Thus, Saxton's objection to the Magistrate Judge's determination is unfounded because it mischaracterizes the subjective symptom analysis in the R&R.

The remainder of Objection #2 is a restatement of the same argument Saxton presented to the Magistrate Judge that the ALJ did not comply with the requirements of SSR Rule 16-3p, with citations to the same evidence presented before. (ECF No 16, PageID #625–27). This is not a proper objection. *See Nasser v. Comm'r of Soc. Sec.*, 598 F. Supp. 3d 614, 626 (E.D. Mich. 2022), *aff'd*, 2022 U.S. App. LEXIS 33278 (6th Cir. Dec. 1, 2022) ("This objection seemingly rehashes Plaintiff's disagreement with the ALJ's finding[s] . . . . This challenge is not a proper objection to the Report and Recommendation, as required by Fed. R. Civ. P. 72(b), because it merely rehashes [Plaintiff]'s arguments. Because [the] objection is not proper, it will be overruled.") (internal citation and quotation marks omitted); *Davis v. Comm'r of Soc. Sec.*, No. 5:24-cv-1447, 2025 U.S. Dist. LEXIS 117304, at *13–14 (N.D. Ohio June 20, 2025) (citations omitted); *Bell v. Comm'r of Soc. Sec.*, No. 1:23-cv-256, 2024 U.S. Dist. LEXIS 28159, at *7 (N.D. Ohio Feb. 20, 2024) ("Again, this argument mirrors the arguments Bell presented in her briefing. This objection is therefore improper, amounting to a rehash of arguments already made to the magistrate judge." (citations omitted)).

Even if Saxton's objection were proper, the Court would still find it unpersuasive. Saxton is challenging the Magistrate Judge's determination that the ALJ did not err when she evaluated

Saxton's subjective symptom complaints. At Step Four, the ALJ must consider a claimant's subjective symptom complaints when assessing a claimant's RFC. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). Generally, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). Under SSR 16-3p, the ALJ may consider several factors when evaluating a claimant's subjective symptom complaints, including:

    1. Daily activities;

    2. The location, duration, frequency, and intensity of pain or other symptoms;

    3. Factors that precipitate and aggravate the symptoms;

    4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

    5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

    6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

    7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2016 SSR LEXIS 4 *15-19; *see also* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The ALJ does not need to discuss all regulatory factors that she considers and need only provide a sufficient assessment to convince the reviewing court that she considered all relevant evidence. *See* SSR 16-3p; *Correa v. Comm'r of Soc. Sec.*, No. 1:23-cv-685, 2023 U.S. Dist. LEXIS 231766, at *36-38 (N.D. Ohio Dec. 14, 2023). If the ALJ rejects or discounts a claimant's subjective complaints, she must sufficiently state her reasons for doing so. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

11

Saxton argues that the ALJ erred by ignoring and failing to consider favorable evidence in violation of SSR 16-3p, citing a variety of treatment notes from Nicole Wustle, PA, and David Kendrick. (ECF No. 16, PageID #626). But Saxton misinterprets the standard. She cannot demonstrate a violation of SSR 16-3p by merely citing treatment notes that she believes demonstrate a more restrictive RFC. *Accord Zingale v. Kijakazi*, No. 1:20-cv-2197, 2022 U.S. Dist. LEXIS 49054, at *43 (N.D. Ohio Mar. 18, 2022) (citing *Jones*, 336 F.3d at 476). Although the ALJ's decision does not discuss or reference the specific treatment notes by Ms. Wustle and Mr. Kendrick cited by Saxton, the ALJ was not required to do so. *See Walker v. Sec'y of Health Hum. Servs.*, 884 F.2d 241, 245 (6th Cir.1989); *Boseley v. Comm'r of Soc. Sec.*, 397 F. App'x 195, 199 (6th Cir. 2010); *see also Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004) (noting that an ALJ's failure to discuss specific records "does not indicate they were not considered"); *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) ("'[A]n ALJ is not required to discuss all the evidence submitted.'" (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)). The ALJ's failure to cite specific treatment notes by these two professionals does not constitute a violation of SSR 16-3p.

When considering the record and the ALJ's decision in its entirety, the Court finds that the ALJ did not fail to consider all relevant evidence. As noted by the Magistrate Judge and as previously stated:

> The ALJ stated that she considered the entire record. Tr. 20, 22. Absent evidence to the contrary, the Court will presume that this statement is true. *See NLRB v. Newark Elec. Corp.*, 14 F.4th 152, 163 (2d Cir. 2021); *see also United States v. Chemical Found., Inc.*, 272 U.S. 1, 14–15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."); *cf. Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988) (noting that the Appeals Council "state[d] that it 'considered the entire record which was before the administrative law judge, including the testimony at the hearing' ").

(ECF No. 15, PageID #616). Saxton contends that "[t]he ALJ's summation of the evidence portrays that there is no support in the record." (ECF No. 16, PageID #627). But this is false; the ALJ specifically cited evidence that is favorable to Saxton, including her own testimony, medical evidence from Dr. Stormont concerning her inability to stay focused, and treatment notes from Ms. Wustle about panic attacks, sleep issues, and anxiety issues. (ECF No. 8, PageID #80).

The ALJ also followed SSR 16-3p's requirement and cited substantial evidence to support her conclusions such that the Court could "assess how the [ALJ] evaluated the individual's symptoms." *See* SSR 16-3p, 2016 SSR LEXIS, at *26. When reviewing an ALJ's evaluation of an individual's subjective symptoms, the Court is limited to evaluating whether the ALJ's conclusions are reasonable and supported by substantial evidence in the record. *See Jones*, 336 F.3d at 475-76. In discounting Saxton's subjective symptom complaints, the ALJ cited her conservative treatment ("medication management with no indication of hospitalizations"), treatment notes demonstrating improvement of her condition, inconsistencies with record evidence after the date of last insured, which demonstrated "linear and logical thought content, no delusions, clear speech, grossly intact attention span and concentration, and fair insight and judgment", and inconsistences between her symptom complaints and her statements regarding daily activities. (ECF No. 8, PageID #80–81).

The ALJ discussed Saxton's subjective symptom complaints, medical evidence of her impairments and subjective symptoms, the opinions of the state agency consultants, and analyzed why she believed certain evidence supported the RFC and why other evidence was inconsistent with the limitations alleged by Saxton. This satisfied the ALJ's obligation under the regulations and applicable Social Security Rulings. *See* 20 C.F.R. §§ 404.1520(e), 404.1529(c)(3),

416.920(e), 416.929(c)(3); SSR 96-8p, 1996 SSR LEXIS 5; SSR 16-3p, 2016 SSR LEXIS 4; SSR 02-1p, 2012 SSR LEXIS 1 at *18.

Saxton argues that the ALJ's finds are contradicted by the record and points to a myriad of evidence supporting a more restrictive RFC; but this again misstates the standard. "If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *see also McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Even if a preponderance of the evidence supported the finding for a more restrictive RFC, the ALJ's decision cannot be second-guessed because it was reasonably drawn from the record and fell within the Commissioner's "zone of choice." *Jones*, 336 F.3d at 477; *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Because the ALJ provided a sufficient explanation to allow the Court to assess how the ALJ evaluated and discounted Saxton's subjective symptom complaints, she complied with the requirements under SSR 16-3p. *See* SSR 16-3p, 2016 SSR LEXIS 4 at *26. Accordingly, the Court **OVERRULES** Objection #2 as improper and, even if the objection were considered proper, the Court would overrule it as meritless.

IV.     **CONCLUSION**

For the aforementioned reasons, the Court **OVERRULES** Defendant's objections, **ADOPTS** the Magistrate Judge's R&R (ECF No. 15), incorporates it fully herein by reference, and **AFFIRMS** the final decision of the Commissioner.

**IT IS SO ORDERED.**

Date:  July 21, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

14